Filed 4/3/14  P. v. Saragoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C074012 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF124244) |
| v. | |
| JAMES MICHAEL SARAGOZA, | |
| Defendant and Appellant. | |

Defendant James Michael Saragoza pled no contest to first degree burglary (Pen. Code,[1] § 459) in exchange for dismissal of a violent felony, an infraction, and a stipulated low term of two years in state prison.  The trial court sentenced defendant accordingly and reserved jurisdiction over victim restitution.  The court ultimately ordered defendant

---

[1] Further undesignated statutory references are to the Penal Code.

1

to pay the victim $2,805 in restitution, which included $1,655 in relocation expenses and $1,150 for property stolen but not returned.

Defendant appeals, challenging only the court's order to pay relocation expenses. We uphold the order and, accordingly, affirm the judgment.

## FACTAL AND PROCEDURAL HISTORY

*The Crime*

On October 19, 2012, the victim returned home to find her back door open and defendant inside her home. Defendant fled with some of the victim's property, but left his backpack behind. The victim pursued defendant, caught up with him as he tried to hide her property in the bushes, and demanded that he return her property. Defendant ran away. The victim retrieved her property from the bushes, returned home, and called the police. A search of defendant's backpack revealed defendant's photo identification, from which the victim identified defendant. When located and questioned, defendant denied burglarizing the victim's home, claiming someone had stolen his backpack. Later defendant admitted to the conduct described by the victim.

*Restitution*

The probation report attached the victim's written request for restitution, which included relocation expenses of $1,200 (for breaking her lease), explaining that she was a single mother and the burglary had caused her to be afraid to live in the house alone with her very young sons, who were also afraid. Defense counsel objected to restitution for moving expenses and requested a hearing, arguing that relocation expenses such as those claimed by the victim were specifically required by section 1202.4, subdivision (f)(3)(I) (section 1202.4(f)(3)(I)) to be verified as necessary by law enforcement. The People agreed a hearing should be held and the court scheduled a restitution hearing.

At the hearing, district attorney investigator Ray Antar testified that he interviewed the victim many months after the burglary. The victim claimed the burglary had turned her life "upside down," causing a loss in her sense of security and privacy.

2

She felt "traumatized." She feared defendant would retaliate against her because she had cooperated with the police. A few months after and as a result of the burglary, she and her two sons moved in with her mother. To move, the victim had to break her 18-month lease with five months remaining. She spent $1,655 in moving expenses which included $1,200 for early termination of her lease, $330 in storage fees, and $125 to rent a moving truck.

Defense counsel argued that the claimed expenses had not been verified by law enforcement to be necessary for the personal safety of the victim as required by section 1202.4 (f)(3)(I). He further argued that the expenses were not economic losses resulting from defendant's conduct such as those contemplated by *People v. Mearns* (2002) 97 Cal.App.4th 493 (*Mearns*) where the victim "simply had to move" due to defendant's conduct.

The trial court found that the victim was "traumatized to the point she was in fear that the defendant would come back to her home." Further, "as a result of that trauma she took action to break a lease incurring costs which . . . she has fronted to this point." Thus the court classified the moving expenses as "economic loss that [the victim] suffered due to the intrusion in to her home" and ordered $1,655 in moving expenses, broken down as described *ante*, as well as $1,150 for unrecovered stolen property.

## DISCUSSION

Defendant contends the trial court abused its discretion in ordering restitution to cover the victim's relocation expenses. Rather than arguing the failure to adhere to the requirements of section 1202.4(f)(3)(I) as he did in the trial court, on appeal defendant argues only that the evidence did not support the trial court's finding that the relocation expenses arose due to the burglary rather than "other economic hardship." Attempting to distinguish *Mearns*, *supra*, which concerned a victim's violent rape in her home, defendant argues that here the victim was "not too fearful to chase after the defendant at

3

the time of the offense, nor was she too fearful to stay in the apartment for three months following the offense."

Section 1202.4 provides, in relevant part, as follows: "(f) [I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. [¶] . . . [¶] (3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] . . . [¶] (I) Expenses incurred by an adult victim in relocating away from the defendant, including, but not limited to, deposits for utilities and telephone service, deposits for rental housing, temporary lodging and food expenses, clothing, and personal items. Expenses incurred pursuant to this section shall be verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim."

The court " 'must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' " (*Mearns, supra,* 97 Cal.App.4th at p. 498.) Restitution orders are reviewed for abuse of discretion. (*Ibid.*) " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " (*Id.* at p. 499.)

Here, the investigator's testimony at the hearing provided a factual and rational basis for the order to pay relocation expenses as well as the amount ordered. As we have described *ante*, the testimony of the victim's continuing fear and trauma sufficed as a factual basis for the award, and clearly the claim could not be called opportunistic--the

4

victim did not even claim *any* of the items listed in section 1202.4(f)(3)(I) as examples of items related to relocation but requiring additional verification to claim.  (See *People v. Crisler* (2008) 165 Cal.App.4th 1503, 1508-1509 [fact statute defines lost wages narrowly does not preclude award of lost wages by parents to attend murder trial; claim was not " 'opportunistic' "].)  Here, the victim claimed only three expenses--the penalty for leaving her residence five months before the lease was up, a minimal storage fee, and the one-time transportation of her belongings--and all her claimed expenses were *directly* related to her family's need to leave the crime scene after three months of living there in escalating fear.  This was a rational claim, particularly given the victim's contact with and confrontation of defendant during the burglary, and her subsequent cooperation with law enforcement.  (See *Mearns, supra,* 97 Cal.App.4th at pp. 501-502 [awarding the $13,575 difference between the sale of old residence and purchase of new residence where relocation was a reaction to criminal act].)  Here, the trial court acted well within its broad discretion in ordering restitution as claimed by the victim.

## DISPOSITION

The judgment is affirmed.


                                                          DUARTE          , J.


We concur:


      RAYE          , P. J.


      MURRAY        , J.


5